UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|                                              |   |                      |
| -------------------------------------------- | - | -------------------- |
| DEAVEN E. TUCKER, SR.,                       | ) |                      |
|                                              | ) |                      |
| Plaintiff,                                   | ) |                      |
|                                              | ) |                      |
| v.                                           | ) | C.A. No. 17-224 WES  |
|                                              | ) |                      |
| NANCY BAILEY, individually and in            | ) |                      |
| her official capacity as Assistant           | ) |                      |
| Director of Prison Operations of             | ) |                      |
| RIDOC, et al.,                               | ) |                      |
|                                              | ) |                      |
| Defendants.                                  | ) |                      |

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Magistrate Judge Sullivan's Report and
Recommendation ("R&R") (ECF No. 6) recommending that the Court (1)
dismiss Plaintiff's Complaint (ECF No. 1) with prejudice because
it is barred by the applicable statute of limitations; and (2)
deny as moot Plaintiff's Motion To Proceed In Forma Pauperis (ECF
No. 2).

In his Objection to the R&R (ECF No. 10), while acknowledging
that the Court may sua sponte dismiss a complaint for an "apparent
and insurmountable" "temporal hurdle," Plaintiff faults Magistrate
Judge Sullivan for "not consider[ing] or provid[ing] any equitable
tolling exception analysis." (Br. in Supp. of Pl.'s Obj. to R. &
R. 3-4, ECF No. 10 (quoting <u>Johnson v. Rodriguez</u>, 943 F.2d 104,

108 (1st Cir. 2001)). Plaintiff suggests that Magistrate Judge Sullivan should have applied equitable-tolling principles because a liberal reading of his Complaint, which describes his conditions of confinement, "support[s] [a] strong argument of an inescapable disability, irremediable lack of information, and/or other circumstances beyond his control that prevented him to sue, which made him loathe to bring suit against his adversaries." (Id. at 4-6.) Plaintiff further avers that Magistrate Judge Sullivan's R&R should be rejected and the Court should equitably toll the limitations period, or alternatively provide Plaintiff an opportunity to amend his Complaint, because he "was [not] at all times capable of protecting [his] legal rights" based on his conditions of confinement, including daily supervision and control by Defendants. (Id. at 6-7 (quoting Rivers v. Am. Commerce Ins. Co., 836 A.2d 200, 204 (R.I. 2003)).

This Court reviews de novo a properly objected to R&R on a dispositive matter. See 28 U.S.C. § 636(b)(1); see also Jasty v. Wright Med. Tech., Inc., 528 F.3d 28, 33 (1st Cir. 2008).

As an initial matter, Plaintiff is simply incorrect when he surmises that Magistrate Judge Sullivan did "not consider or provide any equitable tolling analysis." (See Br. in Supp. of Pl.'s Obj. to R. & R. 4; see also R. & R. 13 ("And as far as the Court is able to divine, no other equitable exceptions arguably

would apply to the circumstances of this Complaint.")). In any event, it would be a fruitless academic exercise to scrutinize whether equitable-tolling principles apply here when the circumstances surrounding Plaintiff's Complaint leave no question they do not. In other words, the circumstances of Plaintiff's Complaint make clear that Plaintiff was anything but "loathe to bring suit against adversaries to whose daily supervision and control [he] remain[ed] subject." See Hardin v. Straub, 490 U.S. 536, 544 (1989).

A brief factual summation sheds light on why Plaintiff cannot take refuge in equitable-tolling principles to avoid statute-of-limitations-imposed defeat.[1] Importantly, and as Magistrate Judge Sullivan highlights in her R&R, on October 12, 2010, Plaintiff was transferred from the Rhode Island Adult Correctional Institutions ("ACI") to a prison in Connecticut. See Mem. of Law in Supp. of Pl's Mot. For Extension of Time 2-3, Tucker v. Wall, No. 07-406ML (D.R.I. Nov. 22, 2010), ECF No. 105. The final events set forth in the Complaint relevant to Plaintiff's 42 U.S.C. § 1983 and §

---

[1] Although generally in this context the Court's review is confined to the four corners of the complaint, this case implicates a "narrow exception" where the Court may consider documents outside of the complaint, including "official public records." See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

1985 allegations occurred in June and March 2010, respectively. (See Compl. ¶¶ 91-94, 97.) Thus, at the latest, to toll the applicable three-year statute of limitations, Plaintiff must have filed his Complaint within three years from those events. Instead, Plaintiff filed his Complaint on May 12, 2017, nearly seven years later. (See Compl.) But he posits that his confinement conditions, presumably at the ACI, support a "strong argument of an inescapable disability, irremediable lack of information, and/or other circumstances beyond his control that prevented him to sue." (Br. in Supp. of Pl.'s Obj. to R. & R. 5.) The Court disagrees.

First, Plaintiff's argument that his confinement conditions at the ACI suggest that the "irremediable lack of information" or that "other circumstances beyond his control" blocked his ability to bring suit, (see id.), is belied by, among other things, the fact that he initiated a separate suit against many of these same defendants on November 1, 2007, during the very period of confinement that he challenges under § 1983. That is, the "numerous unannounced segregation placements, transfers, retaliation, depriv[ation] of legal work [and] property, access to paper [and] pens, planting evidence, [and] denied legal calls" did not impede Plaintiff's ability to bring suit in that case. (Id. at 5.) Moreover, even assuming without this context that

Plaintiff's ACI conditions were so burdensome and obstructive as
to strip him of his ability to sue, those conditions lapsed when
Plaintiff departed the ACI for an out-of-state prison on October
12, 2010, at which point Plaintiff could have filed his Complaint
and tolled the statute of limitations for more than two years. If
there was any doubt that Plaintiff's circumstances do not warrant
equitable tolling, on February 1, 2012, Plaintiff filed a second
lawsuit while confined in Connecticut that factually mirrors his
present Complaint. See Compl., Tucker v. Bailey, No. 12-62S
(D.R.I. Feb. 1, 2012), ECF No. 1. Thus, Plaintiff's suggestion
that Magistrate Judge Sullivan erred in failing to recommend that
Plaintiff's claims be equitably tolled because he was impeded from
protecting his legal rights is belied by the facts. Plaintiff's
own conduct in related proceedings, of which the Court takes
judicial notice, leaves no question that this case does not fit
within the "'narrowly circumscribed factual situations' in which
the applicable statute of limitations will be tolled." Rivers,
836 A.2d at 204 (quoting Renaud v. Sigma-Aldrich Corp., 662 A.2d
711, 714-15 (R.I. 1995)).

   Accordingly, the Court ACCEPTS the R&R (ECF No. 6) in its
entirety and adopts the recommendations and reasoning set forth
therein. Thus, Plaintiff's Complaint (ECF No. 1) is DISMISSED
with prejudice. Plaintiff's Motion To Proceed In Forma Pauperis

(ECF No. 2) is DENIED as moot.

IT IS SO ORDERED.

William E. Smith
Chief Judge
Date:  February 8, 2018

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DEAVEN E. TUCKER, SR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 17-224WES |
| | : | |
| NANCY BAILEY, individually and in her | : | |
| official capacity as Assistant Director of | : | |
| Prison Operations of RIDOC, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Since October 12, 2010, Plaintiff Deaven E. Tucker, Sr., has been incarcerated in

Connecticut, where he is serving multiple life sentences imposed by the State of Rhode Island.

On May 12, 2017, he filed a *pro se* Sections 1983/1985 civil rights Complaint ("Complaint")

pertaining to events that occurred when he was incarcerated at the Rhode Island Adult

Correctional Institutions ("ACI"), together with a motion for leave to proceed *in forma pauperis*

("IFP"). ECF Nos. 1, 2. Based on my review of the application and supporting documents,

including the prisoner trust fund account statement filed on July 14, 2017 (ECF No. 4), I

conclude that Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(2). Accordingly, his

IFP motion will be granted if the case survives screening. However, because of the IFP

application and Plaintiff's status as a prisoner, this case is subject to preliminary screening under

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Based on my review of the operative pleading,[1] I find that various of the claims are tainted by an array of legal deficiencies, including the preclusive effect of the doctrine of *res judicata*, as well as the principles articulated in Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989), and Heck v. Humphrey, 512 U.S. 477, 478, 486-87 (1994). However, this report and recommendation is focused on the overarching and fatal flaw that requires the defenestration of all of the claims – that they are barred by the applicable statute of limitations. Because the allegations leave no doubt that every claim accrued six or more years prior to the filing of the Complaint and that the "temporal hurdle [is] both apparent and insurmountable," Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991), I recommend that the Complaint be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Because I find the Complaint to be frivolous, I do not recommend that Plaintiff be afforded leave to amend.

## I.    BACKGROUND

Plaintiff's handwritten, seventy-three page, one-hundred paragraph pleading arises under 42 U.S.C. §§ 1983 and 1985. It is based on alleged violations of the First, Fourth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution. ECF No. 1 at 70 & ¶¶ 98-100. As defendants, the caption names twenty-four officials of Rhode Island Department of Corrections ("RIDOC"), two state prosecutors, a Pawtucket police detective, an official of the Rhode Island Department of Special Investigations Unit, and a United States Marshal; in all, twenty-nine defendants are listed. ECF No. 1 ¶¶ 4-35. In the section of the pleading entitled

---

[1] Because Plaintiff is *pro se*, I have employed a liberal construction of his filing. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

"Parties," thirty-two defendants are identified. All individual defendants are named in both their individual and official capacities.[2]

The Complaint's § 1983 allegations are focused on lost good time credit resulting from trumped-up drug charges in 2001 and 2005; on pretrial and pre-sentencing conditions of confinement at the ACI, including the allegedly unconstitutional infliction of retaliatory administrative and psychiatric segregation during Plaintiff's detention from December 2006 until May 2010; and on administrative segregation and the loss of property in the immediate aftermath of sentencing during the period from 2007 until June 2010. Plaintiff's § 1985 claim is based on the factual allegation that RIDOC officials conspired with police and a prosecutor to steal his legal materials and notes to use in connection with the prosecution that culminated in the trial at which Plaintiff was found guilty by a jury on March 16, 2010. See State v. Tucker, 111 A.3d 376, 378 (R.I. 2015). The Complaint asserts that this conspiracy was for the purpose of depriving him of access to the courts and to retaliate for the filing of grievances. Without explaining the factual basis for the allegation, he claims that the conspirators were motivated by "gender-based" discriminatory animus, ECF No. 1 ¶ 97, although the pleading also contains a single reference to the use of a racial epithet on April 21, 2009, by a RIDOC official in response

---

[2] As the Complaint was screened, the Court noted inconsistencies between the defendants listed in the caption, those referenced in section of the Complaint labelled "Parties," and those who are the subject of factual allegations. For example, RIDOC is not listed in the caption but is described in paragraph 35 as a "defendant," while Warden James Weeden is listed in the caption, but his name does not seem to be mentioned in the twenty-nine pages of facts. Despite these observations, to cabin judicial resources, the Court did not invest the time required to ascertain whether Plaintiff has stated a claim as to each of the twenty-nine (or thirty-two) named defendants. If the Court rejects my recommendation that the entire Complaint is time-barred, this exercise should be completed before Plaintiff's IFP motion is granted and service of process on each defendant is initiated at public expense. Cf. Uzamere v. United States, No. CA 13-505 S, 2013 WL 5781216, at *15 (D.R.I. Oct. 25, 2013), aff'd, No. 13-2454, (1st Cir. Apr. 11, 2014) (naming defendants against whom there is no claim and seeking public funds to serve them is malicious and vexatious). As noted infra, Plaintiff was advised of this deficiency by the Court's decision in Tucker v. Bailey, C.A. No. 12-62-S, 2013 WL 139908, at *2 (D.R.I. Jan. 10, 2013), but failed to cure it.

to Plaintiff's request to call his attorney after he was placed in a "hospital psychiatric cell." ECF No. 1 ¶ 68.

The last event recited in the Complaint occurred on June 21, 2010, which is almost seven years before it was filed on May 12, 2017. ECF No. 1 ¶ 97. While not mentioned in the Complaint, Plaintiff's on-the-public-record[3] filing in another civil case establishes that, soon after the last event mentioned in the Complaint, on October 12, 2010, he was transferred to a prison in another state. Tucker v. Wall, C.A. No. 07-406ML (D.R.I.), ECF No. 105 at 2. This is confirmed by the Court's Text Order of December 14, 2010, in that case, which indicates Plaintiff's change of address, accepted by the Clerk of Court, from the ACI to a prison in Connecticut. Since then, Connecticut has remained Plaintiff's address of record in this Court, including for purposes of this case. These public records confirm the Complaint's allegations that all operative events in Rhode Island ceased prior to October 12, 2010, when Plaintiff was transferred to Connecticut where he remains incarcerated.

The 2015 published opinion in Plaintiff's criminal case provides additional pertinent background regarding the timing of operative events. State v. Tucker, 111 A.3d at 378-83. According to the Rhode Island Supreme Court's decision, in September 2006, Plaintiff and a group of friends travelled to Florida where Plaintiff instructed one friend to murder another. Id. at 379. After the killing, Plaintiff returned to Rhode Island with three friends, including two women with whom he was involved romantically. Id. at 379-80. By November 2006, Plaintiff had ceased to trust one of the two women; after they robbed a bank together (with others), he

---

[3] See Murphy v. Cent. Falls Det. Facility Corp., No. C.A. 14-203 S, 2015 WL 1969178, at *3 n.2 (D.R.I. Apr. 30, 2015) (quoting Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990)) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.")); Burgess v. Ebay, Inc., Civil Action No. 11-10334-RGS, 2011 WL 841269, at *1 (D. Mass. Mar. 8, 2011) (public record, including published decision in prisoner's criminal case, considered at screening).

murdered her, execution style, on November 21, 2006.  Id. at 378-79.  Next he tried to persuade

his half-brother and a colleague to kill another of the bank robbers.  Id.  After he was arrested

and detained at the ACI beginning in December 2006, during ACI visits with his surviving

woman-friend (later wife), he tried to persuade her to kill both his half-brother and the female

murder victim's mother.  Id. at 379-83.  Following a lengthy jury trial, on March 16, 2010,

Plaintiff was found guilty of eleven offenses, including murder; on May 10, 2010, he was

sentenced to three consecutive life sentences, plus an additional thirty-five consecutive non-

paroleable years.  Id. at 378.  On April 2, 2015, the Superior Court's judgment was affirmed.  Id.

at 390.  A post-conviction relief proceeding is now pending in the Providence County Superior

Court.  See Tucker v. State, PM-2017-2632 (R.I. Super. Ct. filed May 26, 2017).

    In addition to his criminal case and the related post-conviction proceeding, Plaintiff has

filed two civil cases that are pertinent to the screening of the instant Complaint.

    First, on November 1, 2007, Plaintiff initiated Tucker v. Wall, C.A. No. 07-406ML

(D.R.I.) ("Tucker 2007").  This case named many of the same defendants who are sued in the

Complaint; it challenged Plaintiff's conditions of confinement, post-conviction from April 2005

through June 2006, and pretrial from December 2006 through October 2007.  These claims are

based on limitations on access to the Court and counsel, retaliation and administrative

confinement while a pretrial detainee, as well as investigatory and disciplinary proceedings for

narcotics trafficking while an ACI prisoner in 2005 and 2006.  Tucker v. Wall, No. CA 07-406

ML, 2010 WL 322155, at *2-14 (D.R.I. Jan. 27, 2010).  After three years of very active

litigation, many of the claims and defendants in Tucker 2007 were dismissed on the merits for

failure to state a claim, while summary judgment was entered against Plaintiff as to others;[4] ultimately, on August 6, 2012, the remaining claims against the remaining two defendants[5] were dismissed by the Court with prejudice. Tucker 2007, ECF No. 152. Many of the claims that were disposed of with prejudice in Tucker 2007 reappear in the first portion of the Complaint. Compare ECF No. 1 ¶¶ 38-54, with Tucker 2007, ECF No. 1 at 5-11.

While Tucker 2007 was still pending, on February 1, 2012, Plaintiff filed the second case: Tucker v. Bailey, C.A. No. 12-62S (D.R.I.) ("Tucker 2012"). Other than the 2001 and 2005 allegations referenced in paragraphs 37 through 40 of the current pleading, Tucker 2012 is largely a mirror image of the Complaint.[6] After Plaintiff allowed Tucker 2012 to languish for eight months, in particular taking no action to serve any of the nineteen defendants, on October 10, 2012, the Court ordered him to show cause why the case should not be dismissed based on his failure to serve the pleading within 120 days, as then required by Fed. R. Civ. P. 4(m). Tucker 2012, ECF No. 2.

Based on Plaintiff's response to the show cause order, the Court proceeded to screening the 2012 complaint and held it to be deficient. Tucker v. Bailey, C.A. No. 12-62-S, 2013 WL 139908, at *1 (D.R.I. Jan. 10, 2013). First, the Court identified inconsistencies regarding the list of defendants named in the caption, the list of defendants named as "Parties," and the defendants

---

[4] See Tucker v. Wall, C.A. No. 07-406 ML, 2010 WL 322155 (D.R.I. Jan. 27, 2010) (adopting three reports and recommendations granting motions to dismiss and for summary judgment disposing of all claims and all defendants except for claims against two defendants based on pretrial detainment and retaliation).

[5] The 2007 claims that survived the motions to dismiss and motion for summary judgment arose from Plaintiff's placement in administrative confinement as a pretrial detainee and his placement in segregation after a weapon was planted in his cell. Tucker v. Wall, C.A. No. 07-406 ML, 2011 WL 6888482, at *7-10 (D.R.I. Dec. 7, 2011) (recommending denial of defendants' motion for summary judgment), adopted, 2011 WL 6888527 (D.R.I. Dec. 29, 2011). These two claims, both of which were dismissed with prejudice in April 2012, are echoed by what appear to be identical claims in the instant Complaint. ECF No. 1 ¶¶ 45, 49-50.

[6] While Tucker 2012 does not reference 42 U.S.C. § 1985, factually it describes the same conspiracy between RIDOC and police and prosecutors, including the same solitary reference to a racial epithet in paragraph 50. Tucker 2012, ECF No. 1 ¶¶ 40-50, 63.

who are described in fact allegations linked to specific legal claims, all of which is contrary to the requirements of Fed. R. Civ. P. 8(a)(2) and DRI LR Cv 5(a)(1).  Tucker 2012, 2013 WL 139908, at *2.  Relatedly, the Court held that, "[w]hen [Tucker does link a particular allegation to a specific defendant], the reference is often vague and identifies the way the claim violates his constitutional rights only in general terms."  Id.  Second, the Court held that all of the claims against RIDOC and the state defendants for damages in their official capacities must be dismissed pursuant to Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Tucker 2012, 2013 WL 139908, at *3.  Third, in light of the clear relationship between the claims of a conspiracy to undermine the integrity of the criminal prosecution, which potentially assail the validity of the criminal conviction and the length of the sentence, the Court held that all such claims must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 478, 486-87 (1994). Tucker 2012, 2013 WL 139908, at *3.  Based on these holdings, the Court ordered Plaintiff to file an amended complaint within thirty days curing the deficiencies (with specific instructions regarding content and format) and to serve it on the defendants properly named within sixty days after that.  Id., at *3-4.

Plaintiff failed to comply with any of the Court's directives.  Four months later, on April 25, 2013, the Court issued a second show cause to which Plaintiff responded with excuses that the Court did not credit.  Tucker 2012, ECF No. 11 at 2-3 (finding Tucker's "statement lacks credence").  Based on Plaintiff's non-compliance with the order of January 10, 2013, (requiring the filing of a complaint purged of the legal deficiencies identified in the screening decision and served within sixty days), on June 6, 2013, the Court ruled: "Tucker's Complaint is hereby DISMISSED without prejudice."  Id. at 4.  Throughout the period when the 2012 complaint was

pending (from February 2012 until June 2013, or a total of sixteen months), it was never served on any defendant.

Plaintiff made two unsuccessful attempts to revive the 2012 case. On March 27, 2014, the Court denied his first motion to reopen, holding that, "Tucker's original Complaint was dismissed and the case closed," and that, "the Court is not persuaded by Tucker's reasons for his noncompliance." Tucker v. Bailey, C.A. No. 12-62 S, 2014 WL 1285131, at *2-3 (D.R.I. Mar. 27, 2014). In so doing, the Court commented that, "he is free to file a new complaint." Id. at *3. In rejecting the second motion to reopen on September 23, 2016, the Court observed that Plaintiff's arguments "are well trod and have been rejected by the Court," and rejected them again for the same reasons. Tucker 2012, ECF No. 25 at 1-2. This Order also closes with the comment that, "[i]f Plaintiff wants to pursue his claims, he must do so by commencing a new action and filing a new complaint." Id. at 2-3.

Eight months later, Plaintiff filed the Complaint, initiating this case. As far as the Court can discern, in drafting it, Plaintiff made no effort to address any of the deficiencies noted in Tucker v. Bailey, C.A. No. 12-62-S, 2013 WL 139908, at *2-4 (D.R.I. Jan. 10, 2013). Therefore, all of them remain as reasons that it should be dismissed.

## II.    STANDARD OF REVIEW

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same used when ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss,

a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Roman-Oliveras v. P.R. Elec. Power Auth., 655 F.3d 43, 45 (1st Cir. 2011). While the court generally must consider only the content within the four corners of the pleading under review, "[t]here is, however, a narrow exception . . . for official public records," among other matters. Flood v. Me. Dep't of Corr., No. 1:11-cv-270-DBH, 2012 WL 5389533, at *2 (D. Me. Aug. 24, 2012), adopted, No. 1:11-CV-00270-NT, 2012 WL 5389529 (D. Me. Nov. 2, 2012). A viable complaint must also satisfy Fed. R. Civ. P. 8(a), which requires a plaintiff to include "a short and plain statement of the grounds for the court's jurisdiction . . . and of the claim showing that the pleader is entitled to relief."

When a *pro se* prisoner complaint fails to state a claim, the First Circuit has cautioned against *sua sponte* dismissal with prejudice "without affording plaintiff notice and an opportunity to be heard." Street v. Fair, 918 F.2d 269, 272 (1st Cir. 1990) (per curiam). Instead, district courts are advised to give plaintiffs "some form of notice and an opportunity to cure the deficiencies in the complaint." Brown v. Rhode Island, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) (vacating dismissal under §§ 1915(e) and 1915A). However, if the complaint is "patently meritless and beyond all hope of redemption," it should be dismissed as frivolous without leave to amend. Id. at 5, 7.

Although the statute of limitations is generally an affirmative defense, it is well settled that the Court may raise it *sua sponte* when screening a prisoner's complaint under § 1915(e)(2). It is also clear that a complaint should be dismissed as frivolous if the "temporal hurdle [is] both apparent and insurmountable." Johnson, 943 F.2d at 108; Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (per curiam) ("a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous" under the screening provision of

§ 1915); Rodriguez v. Providence Police Dep't, C.A. No. 08-003-S, 2009 WL 2059080, at *1-2 (D.R.I. June 23, 2009) (claims of false arrest and excessive force brought almost a year after running of three-year statute of limitations dismissed at screening as time-barred).

## III.    LAW AND ANALYSIS

The length of the statute of limitations applicable to civil rights claims arising under §§ 1983 and 1985 is borrowed from the law of the state in which the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387-88 (2007); see Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004) ("Sections 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims."). For Rhode Island civil rights cases, the applicable limitation period is borrowed from the three-year limit for personal injury claims in R.I. Gen. Laws § 9-1-14. See, e.g., Lebron v. Naylor, No. CA 12-688-ML, 2012 WL 6600296, at *5 n.4 (D.R.I. Dec. 17, 2012) (Rhode Island's general personal injury three-year statute of limitations applies in actions brought under 42 U.S.C. § 1983); Lacedra v. Donald W. Wyatt Det. Facility, 334 F. Supp. 2d 114, 127 n.7 (D.R.I. 2004) (Rhode Island's three year statute of limitations for personal injury actions applies to civil rights claims under 42 U.S.C. §§ 1981 and 1983); Boyd v. R.I. Dep't of Corrs., 160 F. Supp. 2d 213, 219-20 (D.R.I. 2001) (Eighth Amendment claims under § 1983 subject to three-year statute of limitations).

By contrast, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law. Wallace, 549 U.S. at 387-88. Under federal common law principles, courts apply "the standard rule that [accrual occurs] when the plaintiff has 'a complete and present cause of action,'" that is, when "the plaintiff can file suit and obtain relief." Id. (citing Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)). Thus, the cause of action for each invasion of a plaintiff's interest arises

at the time of the invasion, and the applicable statute of limitations begins to run from that point. Kadar Corp. v. Milbury, 549 F.2d 230, 234 (1st Cir. 1977). For civil conspiracy claims, the injuries and damages flow from the overt acts and not from "the mere continuance of a conspiracy." Id. (quoting Hoffman v. Halden, 268 F.2d 280, 303 (9th Cir. 1959)).

Here, Plaintiff could have filed suit as soon as each event of allegedly wrongful conduct and illegal condition of confinement occurred, so the three-year statute of limitations would normally commence to run from those moments beginning in 2001 until the last event in June 2010. See Wallace, 549 U.S. at 388. In any event, at the latest, Plaintiff's claims and potential claims arising from his treatment at the ACI by RIDOC and other state officials all must have accrued prior to his transfer from Rhode Island to incarceration in Connecticut on October 12, 2010, which is over six years before the filing of the Complaint in this case. Therefore, unless the three-year statute of limitations is somehow tolled, its effect is insurmountable and the Complaint must be dismissed.

For the applicable tolling rules, the Supreme Court directs adjudicators back to state law, as it did for the length of the statute of limitations. See id at 394. In Rhode Island, it is long held that the running of the statute of limitations is tolled by the filing of a complaint, provided that the plaintiff must "move with due diligence in seeking to bring the defendant before the court and subjecting him to its jurisdiction." Prudential Inv. Corp. v. Porcaro, 341 A.2d 720, 721 (R.I. 1975); see Hail v. Spencer, 1 R.I. 17, 19 (1835). Thus, tolling based on the filing of a complaint is permissible only if "service is made within a reasonable time subsequent to the filing of the complaint." Prudential Inv. Corp., 341 A.2d at 721. As amended in 1995, the Rhode Island rule applicable at the time of the filing of the Complaint puts a further gloss on what is "a reasonable time," requiring service within 120 days after the filing of the complaint. R.I. Super. R. Civ. P.

4(l) & 1995 Committee Notes ("this amendment require[s] that service be effected within 120 days after commencement of the action, absent a showing of good cause why service was not made within that period").

Here, Tucker 2007 appears to have been timely filed and served; therefore, it would toll the statute of limitations applicable to the 2005 through 2007 claims asserted in it. The problem is that all of the claims made in Tucker 2007 were resolved adversely to Plaintiff, culminating in the dismissal with prejudice of what remained in August 2012. Accordingly, to the extent that the Complaint is asserting the same claims against the same defendants as in Tucker 2007, they are barred by *res judicata* and are subject to dismissal with prejudice for failure to state a claim and because they are frivolous. Benbow v. Wall, C.A. No. 13-757 S, 2014 WL 652354, at *1 (D.R.I. Feb. 19, 2014) (doctrine of *res judicata* arising from final judgment on merits precludes party from relitigating claims that were or could have been raised in prior action). In any event, if some claim from the time period from 2005 to 2007 somehow survived the dismissal of Tucker 2007 with prejudice in August 2012, that is still over four years before the Complaint was filed, so the three-year statute of limitations still operates as a bar.

Nor can Plaintiff rely on the filing of Tucker 2012. As noted, Rhode Island law requires timely service (within 120 days) of the filing of a complaint in order for it to toll the applicable statute of limitations. Prudential Inv. Corp., 341 A.2d at 721. As this Court held and twice reaffirmed in denying Plaintiff's motions to reopen, Plaintiff failed in this fundamental duty of a complainant. Tucker v. Bailey, C.A. No. 12-62-S, 2013 WL 139908, at *1 (D.R.I. Jan. 10, 2013); Tucker 2012 Case, ECF No. 11 at 4. Accordingly, the filing of Tucker 2012 did not toll the running of the three-year statute of limitations.[7]

---

[7] The Court's twice-stated observation that Plaintiff remained free to file a new action does not alter this conclusion. This comment was a truism and not a holding based on a temporally-focused analysis of Plaintiff's claims in light of

12

Also unavailing is the argument that any claims that may be subject to dismissal pursuant to Heck v. Humphrey are tolled as long as the post-conviction relief petition attacking the underlying conviction remains pending.  See 512 U.S. at 487.  This somewhat esoteric issue was resolved by the Supreme Court in Wallace v. Kato, which holds that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest, . . . where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."  549 U.S. at 397.  In so holding, the Supreme Court focused on the prejudice to defendants if limitations are tolled until some unknown time in the future when the conviction might be vacated:

> It would hardly be desirable to place the question of tolling *vel non* in this jurisprudential limbo, leaving it to be determined by those later events, and then pronouncing it retroactively.  Defendants need to be on notice to preserve beyond the normal limitations period evidence that will be needed for their defense; and a statute that becomes retroactively extended, by the action of the plaintiff in crafting a conviction-impugning cause of action, is hardly a statute of repose.

Id. at 394-95.

Finally, Plaintiff's incarceration does not toll the running of the statute of limitations. Lacedra, 334 F. Supp. 2d at 127 n.7 (Rhode Island's three-year statute of limitations for personal injury actions applies to civil rights claims under 42 U.S.C. §§ 1981 and 1983 and is not tolled during period of incarceration).  And as far as the Court is able to divine, no other equitable exceptions arguably would apply to the circumstances of this Complaint.  Rivers v. Am. Commerce Ins. Co., 836 A. 2d 200, 204 (R.I. 2003) (statutes of limitations tolled only in "narrowly circumscribed factual situations . . . based on clearly defined public policy and equity concerns," such as legal disability); see Flemon v. Mass. Att'y Gen., Civil Action No. 13-11518-

---

the applicable statute of limitations.  Nor would it have been appropriate for the Court to engage in such an analytical exercise without notice to the unserved defendants who would have been seriously prejudiced by such a ruling.

RWZ, 2013 WL 3732880, at *4 (D. Mass. July 12, 2013) (with no basis to find equitable tolling for any claims, they are deemed to be time barred and "frivolous").  Rather, if anything, this case illustrates the need for statutes of limitations to "promote certainty and finality and avoid stale claims," <u>Rivers</u>, 836 A. 2d at 204, – if permitted to proceed, each of the twenty-nine (or thirty-two) defendants would be forced to defend claims arising from events that occurred between seven and sixteen years ago.

With Plaintiff's claims so clearly stale and with Plaintiff's transfer to Connecticut quashing even the hypothetical possibility of post-2010 events that might alter the outcome, this report and recommendation has not analyzed the many other flaws that should stop some or all of these claims at screening, including *res judicata* and the uncured deficits identified by the Court in <u>Tucker 2012</u>.  And these are not the Complaint's only failings – to illustrate with a single example, the Complaint appears to fail plausibly to plead that the actions of the alleged conspirators were "propelled by some racial, or perhaps otherwise class-based, invidiously discriminatory animus," which is required for a viable § 1985 claim.  <u>Veale v. Griffin</u>, 215 F.3d 1313, *1 (1st Cir. 2000) (unpublished table decision).  Instead, I have focused on the temporal deficiency that unambiguously taints the entirety of the Complaint.  Based on the "apparent and insurmountable" shortfall separating the latest possible bar date established by the statute of limitations from the date of the filing of this Complaint, <u>Johnson</u>, 943 F.2d at 108, I recommend that it be dismissed as frivolous and for failure to state a claim.  <u>Nieves v. McSweeney</u>, 241 F.3d 46, 52-57 (1st Cir. 2001) ("ripe civil rights suit . . . left to rot" is barred by operation of statute of limitations; entry of judgment affirmed).

IV.    CONCLUSION

Based on the foregoing, I recommend that the Court dismiss Plaintiff's Complaint (ECF No. 1) with prejudice based on the applicable statute of limitations. Because the Complaint is subject to dismissal, I further recommend that his motion to proceed *in forma pauperis* (ECF No. 2) be denied as moot. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii), 1915A. In light of the staleness of the claims and the unambiguity of the bar of the applicable statute of limitations, I recommend that the Court find that the Complaint is frivolous in that it is "patently meritless and beyond all hope of redemption"; accordingly, I do not recommend that Plaintiff be afforded thirty days to amend pursuant to <u>Brown</u>, 511 F. App'x at 5, 7.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. <u>See</u> Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72d. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. <u>See</u> <u>United States v. Lugo Guerrero</u>, 524 F.3d 5, 14 (1st Cir. 2008); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


<u>/s/ Patricia A. Sullivan</u>
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 6, 2017